# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 04-1525

RECEIVED
BY MAIL
AUG 15 2005
CLERK US DIST COURT
ST. PAUL, MN

United States of America, *
*
Appellee, *
* Appeal from the United States
v. * District Court for the
* District of Minnesota.
Tyrone Powell Crawford, also known *
as Robert Felin, * CR 02-82 (1) JMR/FLN
*
Appellant. *

Submitted: May 11, 2005
Filed: July 21, 2005

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.

WOLLMAN, Circuit Judge.

Tyrone Powell Crawford appeals from the sentence imposed on him by the district court[1] following his plea of guilty to mail fraud, a violation of 18 U.S.C. § 1341 (Count 1); wire fraud, a violation of 18 U.S.C. § 1343 (Count 2); money laundering and aiding and abetting money laundering, violations of 18 U.S.C. §§ 2(a) and 1956(a)(1)(b)(i) (Count 3); and two counts of forged securities, violations of 18 U.S.C. § 513(a) (Counts 4 and 5). We affirm.

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

SCANNED
AUG 15 2005
U.S. DISTRICT COURT ST. PAUL

## I.

Crawford created fraudulent mortgage documents based on three properties located in Minneapolis. He owned two of the properties; the third belonged to an innocent and unsuspecting third party. After recording the mortgage documents with the county, he sold the fictitious mortgages over the Internet on the secondary market. Crawford's transactions defrauded his victims of $293,112.62. Crawford has been unable to produce these funds: he maintains that he never received a wire transfer of $76,719.19 and that another $100,000.00 was stolen from the top of his refrigerator.

The district court grouped counts 1, 2, 4 and 5. It found a base offense level of 6 and increased the offense level by 12 because the amount of loss exceeded $200,000.00. The district court then added two offense levels each for its findings that Crawford had: (1) used sophisticated means; (2) used or transferred unauthorized identification; (3) been an organizer, leader, or manager; and (4) obstructed justice. These enhancements resulted in an offense level of 26 on counts 1, 2, 4 and 5. As to count 3, the district court began with a base offense level of 22 and added two levels each for Crawford's conviction under 18 U.S.C. § 1956, his role as an organizer, and his obstruction of justice. These enhancements resulted in an offense level of 28 on count 3, which, with Crawford's criminal history category of IV, produced a sentencing range of 110-137 months.

The district court sentenced Crawford to 60 months for each conviction on counts 1 and 2 and to 120 months for each conviction on counts 3, 4, and 5. Because the district court ordered all sentences to run concurrently, the total length of Crawford's sentence was 120 months. The district court also ordered $500.00 in special assessments and $323,526.12 in restitution.[2]

---

[2]The restitution included compensation for direct and indirect loss (e.g., lost wages, legal expenses, child care) suffered by the victims.

II.

Crawford challenges the district court's sentencing enhancements based upon its findings that Crawford used sophisticated means, used unauthorized identification, was an organizer of the crime, and obstructed justice, and that the amount of loss was greater than $200,000.00. Although Crawford based his appeal on Blakely v. Washington, 124 S. Ct. 2531 (2004), we now address his arguments in the light of the post-Blakely decisions of United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Pirani, 406 F.3d 543 (8th Cir. 2005) (en banc).

A.

Crawford's objection to the enhancement based on the amount of loss is without merit. We have recently held that a fact in a presentence investigation report (PSR) not specifically objected to is a fact admitted by the defendant for purposes of Booker. See United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005). Crawford's PSR indicated that he fraudulently obtained $293,112.62 through his illicit transactions. Although he objected to having received $76,719.19 of that amount, the uncontested total amount of fraud still exceeds $200,000.00. Accordingly, we conclude that, for purposes of Booker, Crawford admitted to the amount of loss triggering the twelve-level enhancement.

B.

Because Crawford did not raise a Blakely or Booker objection to the district court's enhancements at sentencing, we review the challenged enhancements for plain error under the four-part test of United States v. Olano, 507 U.S. 725 (1993). Pirani, 406 F.3d at 549. Pursuant to Olano, before we can correct an error not raised at trial, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. Johnson v. United States, 520 U.S. 461, 466-67 (1997). If all three conditions are met, we may remedy the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Because the district court considered the United States Sentencing Guidelines to be mandatory at the time that it sentenced Crawford, it erred when it increased Crawford's sentence based upon judge-found facts not admitted by the defendant (that Crawford used sophisticated means, that he used unauthorized identification, that he was an organizer of the crime, and that he obstructed justice). In these circumstances, the first two Olano factors are satisfied. See Pirani, 406 F.3d at 550. Whether the errors affected Crawford's substantial rights is another matter. To satisfy this factor, "the defendant must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." Id. at 552.

Absent the challenged enhancements, Crawford would have been sentenced at an offense level of 18 on counts 1, 2, 4, and 5 and an offense level of 24 on count 3. The sentencing range corresponding to the latter is 77-96 months.[3] Although that range is lower than the range at which Crawford was sentenced, nothing in the record suggests a reasonable probability that Crawford would have received a more favorable sentence absent the Booker errors. The sentencing transcript, in fact, reflects that the district court was unimpressed with Crawford's attempts to demonstrate remorse and acceptance of responsibility. For example, despite the government's support of a two-level reduction for acceptance of responsibility, the district court made clear that no reduction was warranted. See May 8, 2003, Sen. Tr. at 12 ("There is no way I will give your client acceptance of responsibility. Period. Not one point, not two, or three."). After Crawford offered a statement of contrition, the district court responded:

> Well, Mr. Crawford, . . . those were all very nice words. Unfortunately, . . . it's one thing to talk the talk. But . . . those words were not followed

---

[3]We assume for purposes of this appeal that the district court would have calculated Crawford's overall sentence based on the higher offense level corresponding to count 3.

> by you in any regard. You said there's no explanation [for your actions], sure there's an explanation. The explanation is you're a thief. And you stole from people. You said you never meant to hurt anyone. That's absurd. I don't believe that. And you don't believe that. How could you possibly imagine that it wouldn't hurt two innocent people who were living in a home that they'd lived in for years, and you sold it? How can you imagine that when a bank gave you a hundred thousand dollars that you weren't entitled to, or a house that you didn't own was sold, somebody wasn't going to be hurt? The words fall on the ground like stones. They're useless. You know it, and I know it. But in this case, I got to call it for what it is. It's ridiculous.

Id. at 22-23. In light of these comments, and in the absence of any evidence to suggest that the district court had any thought that mitigating factors existed, Crawford has not demonstrated a reasonable probability of prejudicial error.

The sentence is affirmed.

---



A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans