UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-82 (JMR/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF,<br>v.<br>TYRONE POWELL CRAWFORD and ANTOINETTE FLOREZ,<br>DEFENDANTS. | MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTION TO REOPEN JUDGMENT OF FORFEITURE |

The United States of America, by and through Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and James S. Alexander, Assistant United States Attorney, respectfully moves this Court, pursuant to Rule 60(b), Federal Rules of Civil Procedure, to vacate the Final Order of Forfeiture entered in this case. In support thereof the United States represents to the Court the following:

1. On February 19, 2004, this Court entered a Preliminary Order of Forfeiture forfeiting to the United States $8,899.48 in proceeds seized from U.S. Bank Account XXXXXXXX8976 on February 8, 2002; $5,830.00 in U.S. currency seized from 2718 Colfax Avenue North, Minneapolis, Minnesota; and $100.00 in U.S. currency seized from the person of Defendant Crawford on February 14, 2002. The Preliminary Order of Forfeiture also

directed the entry of personal money judgment forfeitures against Defendants Crawford and Flores.[1]

2. Included in the Preliminary Order of Forfeiture was an acknowledgment by the Court that, to the extent that there are victims who have not been paid the restitution ordered by the Court, the United States Attorney's Office had represented that it would recommend that the proceeds of forfeited assets be used for restitution purposes.

3. Defendant Crawford was sentenced and ordered to pay restitution totaling $323,536.12 to four victims, including Diane and Randall Bradley. *See* Amended Judgment dated February 26, 2004. Defendant Florez was sentenced and ordered to pay $5,000.00 in restitution as to which she was jointly and severally liable with Defendant Crawford. *See* Judgment dated July 1, 2003.

4. On May 7, 2004, after the United States completed the ancillary proceedings and no third party claims were made for the forfeited funds, this Court entered a Final Order of Forfeiture for the $8,899.48 in proceeds seized from U.S. Bank

---

[1] These money judgment forfeitures will remain outstanding pursuant to the Preliminary Order of Forfeiture until additional assets are located to substitute pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Account XXXXXXXX8976 on February 8, 2002; the $5,830.00 in U.S. currency seized from 2718 Colfax Avenue North, Minneapolis, Minnesota; and the $100.00 in U.S. currency seized from the person of Defendant Crawford on February 14, 2002. Judgment was entered on the forfeitures on May 7, 2004.

5. The United States sent notice of the petition for remission process[2] to Diane and Randall Bradley and Bayview Financial Trading Group, the victims associated with the counts of the Second Superseding Indictment giving rise to the forfeiture of the $8,899.48 in funds and the $5,930.00 in U.S. currency.

6. Diane and Randall Bradley filed a petition for remission for the forfeited funds,[3] which petition was forwarded by the United States Attorney's Office to the Asset Forfeiture and Money Laundering Section (AFMLS) of the Department of Justice with a recommendation to grant it up to $14,417.97.[4]

---

[2] The petition for remission process is set out at 28 C.F.R. § 9.1 *et seq.*

[3] Bayview Financial Trading Group did not file a petition because it had been compensated for its principal loss through insurance.

[4] The Bradley's petition asserted that they had incurred a loss of $29,298.50, including legal fees, lost wages and miscellaneous expenses. They sought remission of the full

7. AFMLS subsequently advised the United States Attorney's Office that under the remission criteria all of the expenses incurred by the Bradleys, including the attorney's fees, would be considered collateral expenses and, thus, AFMLS could not grant the petition.[5] *See* Affidavit of James S. Alexander.

8. On July 21, 2005, Tyrone Crawford's conviction was affirmed on appeal. *United States v. Tyrone Powell Crawford*, 414 F.3d 980 (8th Cir. 2005).

---

amount of the forfeited funds. However, based on the remission criteria, the United States Attorney's Office recommended that only the amount of the legal fees the Bradleys had expended in clearing up the title problems on their real property caused by Defendant Crawford be paid through remission. Those legal fees amounted to approximately $16,000.00 but were later reduced to $14,417.97, after a typographical billing error was corrected by their attorney.

[5] Section 9.8(b) of Title 28, Code of Federal Regulations, states:

> The amount of the pecuniary loss suffered by a victim for which remission may be granted is limited to the fair market value of the property of which the victim was deprived as of the date of the occurrence of the loss. No allowances shall be made for interest foregone or for collateral expenses incurred to recover lost property or to seek recompense.

DISCUSSION

This motion is brought pursuant to Fed. R. Civ. P. 60(b)(6), requesting an order reopening the judgment of forfeiture that was entered on May 7, 2004, and amending the final order of forfeiture to order that the forfeited funds be paid to the Clerk of District Court to be applied towards the restitution ordered in this action.[6]

The Final Order of Forfeiture, and the resulting forfeiture judgment, was entered following the completion of the ancillary proceeding under Fed. R. Crim. P. 32.2(c). Although criminal forfeiture is part of the sentence in a criminal case, criminal forfeiture proceedings are considered in certain respects to be quasi-civil proceedings that are governed by the Federal Rules of Civil Procedure:

> Because an ancillary hearing is connected to a criminal case, it would not be appropriate to make the Civil Rules applicable in all respects. The amendment, however, describes several fundamental

---

[6]The funds at issue were properly forfeited from Defendants Crawford and Florez, and the Defendants would not, at any rate, have standing to participate in the ancillary proceeding under Rule Fed. R. Crim. P. 32.2(c). *See United States v. Pelullo*, 178 F.3d 196 (3rd Cir. 1999) (defendant lacks standing to file a claim in ancillary proceeding because by that time he no longer has any interest in the property). As noted above, no claims were filed in the ancillary proceeding. The government therefore is unaware of any party that needs to be served with the present motion.

> areas in which procedures analogous to those in the Civil Rules may be followed. These include the filing of a motion to dismiss a claim, conducting discovery, disposing of a claim on a motion for summary judgment, and appealing a final disposition of a claim.

Fed. R. Crim. P. 32.2, Advisory Committee Note. Rule 32.2(c) expressly adopts several aspects of the Federal Rules of Civil Procedure, including motions to dismiss, motions for summary judgment, and discovery in accordance with the Federal Rules of Civil Procedure. *Id.*

Once a final order of forfeiture has been entered, and judgment has been entered on that order, a party seeking additional relief from the forfeiture must file a motion to reopen the forfeiture judgment pursuant to Fed. R. Civ. P. 60(b). *See United States v. Jay Michael Puig*, 419 F.3d 700, 2005 WL 1869042 (8th Cir. 2005); *United States v. Estevez*, 845 F.2d 1409 (7th Cir. 1988); *United States v. Bouler*, 927 F.Supp. 911 (W.D.N.C. 1996).

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason justifying relief from the operation of the judgment.

Relief under Rule 60(b) is an extraordinary remedy that lies within the discretion of the trial court. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). Rule 60(b)(6) authorizes relief from final judgments in exceptional circumstances, where the moving party is unable to obtain redress through the usual channels. *Atkinson v. Prudential Property Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994).

The United States moves, pursuant to Rule 60(b)(6), to reopen the forfeiture judgment entered on the Final Order of Forfeiture so the United States may turn the forfeited funds over to the Clerk of Court in partial satisfaction of the restitution ordered in this action.

> [F]orfeiture and restitution are not mutually exclusive; rather, they each serve separate and distinct goals. Specifically, forfeiture generally serves to remove from an offender the fruits and instrumentalities of his crime, and thereby provides a powerful disincentive to commit the crime in the first instance. An order of restitution, on the other hand, serves primarily to compensate victims for any losses suffered as a result of a defendant's criminal activity. Because forfeiture and restitution serve distinct goals, a defendant generally has no right or entitlement to use forfeited funds to satisfy an additional restitution obligation. Put another way, amounts that are forfeited by a defendant to the United States are not typically available to pay whatever criminal monetary penalties are

> imposed upon that defendant. This is so, in part, because rightful ownership of forfeited funds vests in the United States at the moment the triggering forfeiture act occurs.

*United States v. O'Connor*, 321 F.Supp.2d 722, 729 (E.D. Va. 2004)(footnotes and citations omitted).

The government does have the ability to remit or restore forfeited funds to victims through the remission or restoration process. *See* 21 U.S.C. § 853(i)(1) as incorporated by 28 U.S.C. § 2461(c); 28 C.F.R. § 9.1 *et seq*. In this case, however, the Bradleys' claimed expenses did not meet the criteria for remission set forth in the regulations governing remission. *See* Affidavit of James S. Alexander. AFMLS' decision to deny the petition is not reviewable by the Court. *Ivers v. United States*, 581 F.2d 1362, 1371 (9th Cir. 1978).

Despite AFMLS' being unable to grant the Bradleys' petition, the government believes that the forfeited funds should be applied to the restitution ordered in this action:

> Although the use of the forfeiture proceeds as partial satisfaction of the restitution order effectively grants defendants a substantial benefit to which they otherwise would not be entitled, the result in this case is properly viewed . . . not as one in favor of the defendants, but rather, as one in favor of the victims of the defendants' criminal activity.

*O'Connor*, 321 F.Supp.2d at 730 (footnote omitted).

In order to accomplish this, the United States requests that the forfeiture judgment be reopened pursuant to Fed. R. Civ. P. 60(b)(6), and that the Final Order of Forfeiture be amended to direct that the forfeited funds be paid to the Clerk of Court to be applied to the restitution ordered by the Court in this action. The United States believes that this will provide an equitable result, and will provide at least partial reimbursement for the losses incurred by the victims of the defendants' conduct in this action.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Forfeiture Judgment be reopened, and that the Court direct that the forfeited funds, less any expenses incurred by the United States in connection with the forfeiture, be applied towards the restitution ordered in this action.

Dated: September 16, 2005

Respectfully submitted,
THOMAS B. HEFFELFINGER
United States Attorney

s/JAMES S. ALEXANDER
BY: JAMES S. ALEXANDER
Assistant U.S. Attorney
Attorney ID No. 166145
600 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415
(612) 664-5600