UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-82 (JMR/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA, PLAINTIFF, v. TYRONE POWELL CRAWFORD and ANTOINETTE FLOREZ, DEFENDANTS. | AFFIDAVIT OF JAMES S. ALEXANDER IN SUPPORT OF MOTION TO REOPEN JUDGMENT OF FORFEITURE |

I, James S. Alexander, being duly sworn, depose and state that:

1. I am an Assistant United States Attorney with the United States Attorney's Office for the District of Minnesota assigned to litigate civil and criminal forfeitures. I am familiar with the forfeiture proceedings in the above-captioned criminal case.

2. On October 4, 2004, the U.S. Attorney's Office for the District of Minnesota submitted a recommendation to the Asset Forfeiture and Money Laundering Section of the Department of Justice on the Petition For Remission filed by Dianne and Randall Bradley pursuant to 28 C.F.R. § 9.1 *et seq*. It was recommended that the Petition For Remission be granted in the amount of $14,417.97. The U.S. Attorney's Office represented that it appeared that the Bradley's met the criteria contained in 28 C.F.R. § 9.8(a), at least as to the $14,417.97 which

represented a bill for attorney's fees for legal services necessary to clear title to the Bradley's residence.

3. The U.S. Attorney's Office has been advised by the Asset Forfeiture and Money Laundering Section that the Petition for Remission filed by Randall and Diane Bradley will be denied since the attorney's fees incurred by the Bradleys are considered a "collateral expense[] incurred to recover lost property," and are therefore not considered compensable pecuniary loss under 28 C.F.R. § 9.8(b).

FURTHER YOUR AFFIANT SAYETH NOT.

s/JAMES S. ALEXANDER
JAMES S. ALEXANDER

Subscribed and sworn to before me

this 16th day of September, 2005.

s/Mary Jeanne Berns
NOTARY PUBLIC