UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
02-CR-82(JMR/FLN)
06-CV-1397(JMR)

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Tyrone Powell Crawford | ) | |

Tyrone Powell Crawford, appearing pro se, petitions the Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, his motion is denied.

I. Background

On October 15, 2002, petitioner entered a "straight plea" of guilty to an indictment charging him with mail fraud, wire fraud, money laundering, and two counts of forged securities violation. His plea was considered a straight plea because he did not have a plea agreement. On February 19, 2004, he was sentenced to 120 months imprisonment for these crimes. He appealed his sentence, challenging the district court's findings regarding sentencing enhancements based on the United States Supreme Court decision in Blakely v. Washington, 542 U.S. 296 (2004). The Eighth Circuit Court of Appeals reviewed petitioner's sentence for plain error under United States v. Booker, 543 U.S. 220 (2005), and affirmed the district court ruling holding that he had not demonstrated a reasonable probability he would have received a more favorable sentence under an advisory guideline regime. United States v. Crawford, 414 F.3d 980 (8th Cir. 2005).

II. Discussion

Petitioner now seeks relief claiming ineffective assistance of counsel. According to Mr. Crawford, his appellate counsel was ineffective for failing to argue that the Court violated Rule 11 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."); that his plea was involuntary; and that the Court improperly calculated his sentence under the Guidelines. All three arguments fail.

To prevail on a claim of ineffective assistance of counsel, petitioner must show both that counsel's performance was deficient, and that he suffered actual prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Court "need not address the competency of counsel's performance if the prejudice issue is dispositive." Blankenship v. United States, 159 F.3d 336, 338 (8th Cir. 1998).

Counsel's performance is reviewed with deference on the presumption that the representation was competent, and that the challenged decisions were counsel's strategic and tactical decisions. Strickland, 466 U.S. at 689. Counsel's decisions are presumed reasonable, and "strategic choices made after thorough investigation of law and facts . . . are virtually

unchallengeable[.]" Id. at 690.

Appellate counsel "does not have a duty to raise every nonfrivolous claim on appeal," Reese v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1996), and indeed, is afforded discretion to abandon losing issues. Horne v. Trickey, 895 F.2d 497, 500 (8th Cir. 1990). To establish ineffective assistance, petitioner must show a reasonable likelihood that, but for the attorney's error, the result on appeal would have been different. Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). Here, each issue petitioner advances is a losing one. As a result, counsel's decision declining to raise them on appeal cannot have been prejudicial to petitioner's cause. The decisions, therefore, do not amount to constitutionally ineffective assistance.

A. Fed. R. Crim. P. 11

Petitioner suggests his attorney's assistance was ineffective for failing to appeal a Rule 11 violation. In the absence of any Rule 11 violation, however, this claim cannot succeed.

Petitioner claims the Court violated Rule 11 by impermissibly entering into plea negotiations with him. The record flatly contradicts this claim, and lends no support whatsoever for this frivolous assertion. There were no plea negotiations at all between petitioner and either the government or the Court. The petitioner's plea was entered immediately before trial, and it was a plea "straight-up," without any plea agreement. (Plea Tr. at 10,

14.) The Court carefully outlined possible sentences based on what was known at the time, while simultaneously reminding petitioner that information to be developed subsequently – and later judicial decisions – would set the ultimate sentence. There was no Rule 11 violation. The Court could not have participated in plea negotiations because there were none prior to petitioner's straight plea of guilty.

Because there was no Rule 11 violation, petitioner's counsel was not ineffective for failing to raise it on appeal.

B. Involuntary Plea

Petitioner claims his plea was involuntary -- another allegation without support in the record. The Court explicitly advised petitioner he did not have to plead guilty. (Plea Tr. at 8.) Petitioner also acknowledged he had a long standing desire to plead guilty. (Petitioner's Motion at 9; see also Plea Tr. at 6, 11; Sent. Tr., May 8, 2003, at 4, 6.)

Petitioner now contrives a suggestion that his plea was involuntary because he relied on misinformation from the Court about his possible sentence. He unsuccessfully attempts to cut and stitch snippets of the plea colloquy to sew this assertion out of a whole cloth. A fair reading of the record shows the Court's statements, and petitioner's clear understanding, that his final Sentencing Guidelines range was uncertain and subject to change.

A defendant who pleads guilty has no right to be apprised of

the sentencing options outside the statutory maximum and minimum sentences. United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999). If a defendant was informed of his maximum possible sentence under the statute before pleading guilty, any misimpression about the applicable Guidelines range or sentence will not make his plea involuntary. Roberson v. United States, 901 F.2d 1475, 1478 (8th Cir. 1990). This is precisely what occurred here, and as a result, petitioner's plea was not involuntary.

At the plea hearing, the Court explained to petitioner the maximum possible sentences under each of the five counts. (Plea Tr. at 16.) Both Court and counsel made sure he understood that his final Sentencing Guidelines calculations could change based on new information about his criminal history or the nature of the offense. (Id. at 14-22.) The Court calculated petitioner's Guideline sentence range to be 24-30 months, but made clear that the calculation was based on the information then available. (Id. at 17-21.) The Court asked him whether he understood that if the Court's assumptions were wrong -- for example, if the amount of stolen money was different -- the sentence calculations might change. (Id. at 21.) Petitioner indicated that he understood. (Id.) When the Court asked, "you understand that I will not, and cannot, guarantee the sentence?" petitioner responded "yes." (Id. at 21-22.)

Petitioner's counsel further inquired as to whether he understood what his sentence might be and that it could change. (Id. at 19-20.) Counsel also indicated that he and petitioner had discussed the possible sentences petitioner might face, and asked whether he had any questions about what the Court or counsel had said. Petitioner replied "No." (Id.)

Because the argument that petitioner's plea was involuntary is wholly without merit, his counsel was not ineffective for failing to raise that argument on appeal.

C. Misapplication of Sentencing Guidelines

Petitioner now contends his counsel should have appealed two Sentencing Guidelines issues. First, he claims the Court impermissibly double counted his failure to return the $100,000 cash which was a major object of his fraudulent acts. Second, he believes he should have received credit for acceptance of responsibility. Both arguments are meritless.

Count 3 of petitioner's Superseding Indictment charged him with money laundering, alleging that on February 7, 2002, he withdrew $100,000 from a bank to conceal its location. This was one of the counts to which petitioner entered a straight plea. At sentencing, the Court applied Sentencing Guideline 3C1.1, awarding two additional points for obstruction of justice because defendant failed to return the $100,000.

The obstruction of justice enhancement was entirely separate

from the criminal conduct charged in Count 3. Petitioner committed and completed the crime when he engaged in money laundering by fraudulently obtaining $100,000 in cash from the bank. This act subjected him to the original penalty without the enhancement.

The Court imposed an enhancement for obstruction of justice because of his behavior subsequent to the original crime. His obstruction of justice took place when, facing apprehension, he concealed the stolen funds and falsely claimed the money had been subsequently stolen from him. Petitioner continued to claim the funds were purloined from him, and has lied and continued to make misrepresentations to conceal the whereabouts of the cash from law enforcement, the victims, and the Court. He lied twice under oath about the location of the money -- once at his co-defendant's trial (see Florez Trial Tr., Oct. 17, 2002, at 118-124), and once at his own sentencing. He continued to conceal the $100,000 up to the moment of sentencing. (Sent. Tr., May 8, 2003, at 13-14.) Indeed, the Court expressed at the time of sentencing, and still is of a mind, that his obstruction continues to this date. When the petitioner concludes his jail term, the Court has no doubt he will reclaim his stolen funds and bask in his success.

This behavior, as to which the Court expressed its belief at the time of sentencing as well as in this Order, is a knowing, willful obstruction of justice. It compounds the crime he has committed by depriving his victims of their funds and subjecting

the victim's insurer to a liability which could and should have been avoided. Under these circumstances, the obstruction of justice enhancement was fully appropriate. As a result, counsel's failure to raise it on appeal was not ineffective.

Petitioner further argues that he should have received an adjustment for acceptance of responsibility. This argument fails. Petitioner is not entitled to a reduction for acceptance of responsibility simply because he pleaded guilty or because he recites "the appropriate litany of remorse." United States v. Mohamed, 161 F.3d 1132, 1136 (8th Cir. 1998). Whether the reduction was appropriately denied is a factual question that turns on the Court's credibility assessments. Id. The recitation of his continuing criminality, set forth above, scarcely indicates the petitioner's acceptance of responsibility for his wrongful acts.

As the record reveals, the Court found petitioner's continued concealment of the stolen $100,000 to be inconsistent with acceptance of responsibility. (Sent. Tr. at 16-17.) The Court specifically found petitioner's testimony about the location of the money to be incredible. (Id. at 13-14.) This determination receives great deference, and is reviewed only for clear error. Mohamed, 161 F.3d at 1136. Accordingly, the Court's denial of acceptance of responsibility was a losing issue on appeal, and counsel was not ineffective for failing to raise it. Petitioner's motion under 28 U.S.C. § 2255 must be denied.

The Court has considered whether issuance of a Certificate of Appealability ("COA") is appropriate. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). Having done so, it is clear that no issue raised in this motion is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citation omitted). Petitioner has not made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

III. Conclusion

For the foregoing reasons, Mr. Crawford's petition is denied. Accordingly, IT IS ORDERED that:

1. Mr. Crawford's motion for relief pursuant to 28 U.S.C. § 2255 is denied with prejudice. [Docket No. 130.]
2. No Certificate of Appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 31, 2006

s/ JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States Chief District Judge